UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HARLAN ISKE, | Case No. 3:20-cv-00061-RFB-CSD |
| Plaintiff, | ORDER |
| v. | |
| LOVELOCK CORRECTIONAL CENTER DENTAL, *et al.*, | |
| Defendants. | |

On May 19, 2022, the Court entered an order screening Plaintiff's second amended complaint under 28 U.S.C. § 1915A. (ECF No. 16.) The screening order dismissed the complaint without prejudice and with leave to file a third amended complaint within 60 days. (*Id.* at 5-6.) Plaintiff has now filed a motion requesting a 120-day extension to file his amended complaint. (ECF No. 18.) The motion states that Plaintiff needs the extra time because he has not been able to access the law library to do legal research, and he wishes to attempt to retain counsel.[1] (*Id.* at 2-3.)

The Court notes that Plaintiff does not need to include any legal analysis in his third amended complaint. The third amended complaint only needs to allege the facts giving rise to Plaintiff's claim. The Court's previous screening order outlined the requirements to state a claim of deliberate indifference to a serious medical or dental need and explained the deficiencies in Plaintiff's second amended complaint. (ECF No.

///

---

[1] The Court notes that Plaintiff also filed a motion for appointment of counsel. (ECF No. 19.) The court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* The Court cannot assess the likelihood of success on the merits until Plaintiff files a third amended complaint. As such, the Court will not rule on Plaintiff's motion for appointment of counsel until after he has filed a third amended complaint.

1

16.) If Plaintiff is confused about what he must include in a third amended complaint, he should refer to the Court's previous screening order.

The Court grants Plaintiff's motion in part. The Court will give Plaintiff a 60-day extension until September 18, 2022 to file a third amended complaint. Absent unusual circumstance, the Court does not anticipate granting any further extensions. Pursuant to the Court's screening order, if Plaintiff fails to file a third amended complaint on or before September 18, 2022, this case will be subject to dismissal without prejudice for failure to state a claim. (ECF No. 16.)

Plaintiff also filed a motion "for submission," requesting that the Court address his motion for an extension. (ECF No. 21.) In light of this order addressing Plaintiff's motion for an extension, Plaintiff's motion for submission (ECF No. 21) is denied as moot.

For the foregoing reasons, **IT IS ORDERED** that:

1. Plaintiff's request for an extension to file his third amended complaint (ECF No. 18) is **GRANTED IN PART**. Plaintiff will file any amended complaint on or before September 18, 2022.

2. It is further ordered that if Plaintiff fails to file an amended complaint on or before September 18, 2022, this case will be subject to dismissal without prejudice for failure to state a claim.

3. It is further ordered that Plaintiff's motion for submission (ECF No. 21) is denied as moot.

DATED THIS 25th day of July 2022.



UNITED STATES MAGISTRATE JUDGE