UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HARLAN ISKE,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>LOVELOCK CORRECTIONAL CENTER DENTAL, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:20-cv-00061-RFB-CSD<br><br>ORDER |

Plaintiff Harlan Iske brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Lovelock Correctional Center. (ECF No. 26.) On January 20, 2023, this Court screened Plaintiff's third amended complaint ("TAC") under 28 U.S.C. § 1915A. (ECF No. 28.) The Court referred the case to the Court's Inmate Early Mediation program, but also ordered that Iske file a signed copy of the TAC within 30 days. (Id. at 8-9.) The Court warned Plaintiff that, if he failed to file a signed copy of the TAC, this case would be subject to dismissal without prejudice. (Id. at 8.) That deadline expired without a response from Iske, and the Court's order came back as undeliverable to the address listed with the Court.

I.   **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th

Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Iske's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed unless Iske files a signed TAC, the only alternative is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would

even reach Iske is low, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. Therefore, the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II.     CONCLUSION

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Iske's failure to file a signed third amended complaint. The Clerk of the Court is instructed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Iske may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, Plaintiff would need to explain that circumstances which led to him not being able to respond to the Court's Screening Order. If the Court finds there is good cause or a reasonable explanation for the failure to respond, the Court will reopen the case and vacate the judgment. The Clerk of the Court is instructed to send Plaintiff a copy of this order.

DATED: May 24, 2023.

_____
RICHARD F. BOULWARE, III
UNITED STATES DISTRICT JUDGE